J-S99001-23

2024 PA Super 39

| | | |
|---|---|---|
| IN RE: SEALED ARREST WARRANTS PURSUANT TO PA. R.CRIM.513.1 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: THE HERALD STANDARD-UNIONTOWN NEWSPAPERS, INC, MON VALLEY INDEPENDENT, AND OBSERVER | : | |
| | : | |
| | : | |
| | : | |
| REPORTER | : | No. 21 WDA 2023 |

Appeal from the Order Entered December 14, 2022
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: 801 MD 2022

BEFORE:  STABILE, J., DUBOW, J., and KING, J.

OPINION BY STABILE, J.:                    **FILED: MARCH 6, 2024**

Presently before us is the appeal of Appellants, The Herald Standard-Uniontown Newspapers, Inc., Mon Valley Independent, and Observer Reporter from the trial court's order of December 14, 2022, denying their petition to intervene and unseal arrest warrant information that had been sealed pursuant to Pa.R.Crim.P. 513.1.[1] As explained in more detail below, we issued an order on February 8, 2022, affirming in part and reversing in part the trial court's sealing order.  Specifically, we reversed the order insofar as it denied Appellants' petition to intervene and insofar as it sealed the public dockets. We affirmed the trial court's order insofar as it sealed other arrest warrant information.  Given the sensitivity of the Commonwealth's ongoing

_____

[1]  Rule 513.1 is titled "Sealing of Arrest Warrant."  We will address the pertinent subsections throughout this opinion.

investigation, we awaited the expiration of the sealing order prior to issuing this opinion in support of the order.

This matter arises from the criminal prosecution of Keven Van Lam, currently pending in Westmoreland County.[2] On November 6, 2022, in response to a petition from the Westmoreland County District Attorney, the trial court issued an order pursuant to Rule 513.1 sealing the arrest warrant information for 60 days. Pursuant to that order, local media outlets were denied access to any information pertaining to the Van Lam case, including the public dockets.

On November 22, 2022, Appellants filed an emergency petition to intervene and unseal the criminal record, arguing that the prosecution, involving a fatal shooting in Rostraver Township, was of public interest and that the media could not monitor and report on the case with the entire record sealed. The trial court conducted a hearing on Appellants' petition on December 14, 2022. At the hearing, Appellants asked, at a minimum, that a public docket be made available. N.T. Hearing, 12/14/22, at 5, 13-15. For its part, the Commonwealth indicated that it would not object to the release

---

[2] This sealed arrest warrant proceeding is docketed at Westmoreland County Court of Common Pleas number CP-65-MD-0000801-2022. The criminal proceeding against the defendant was docketed at Magisterial District Court docket number MJ-10103-CR-0000479-2022. Now that the preliminary hearing has been held and the charges bound over for court, the Magisterial District Court docket is closed and the criminal prosecution is pending at Westmoreland County Court of Common Pleas docket number CP-65-CR-0003527-2023.

of a public docket so long as the docket did not include arrest warrant information as defined under Rule 513.1. *Id.* at 18-19. The trial court denied all requested relief at the conclusion of the hearing:

> I am going to state on the record that, as the presiding judge over this matter and the one who signed the order to seal the record to maintain the integrity of the Commonwealth's investigation, I find that it is absolutely imperative that the arrest record warrant, the information contained in my order of November 6th and 7th, that that information continue to remain sealed by virtue of the arguments made at the hearing today.

*Id.* at 22. The trial court advised Appellants of the date and time of the preliminary hearing and directed the prosecutor to advise Appellants' counsel of any continuance(s). *Id.* at 23.

Appellants timely appealed[3] to this Court on December 28, 2022. They filed a motion to expedite the appeal on January 5, 2023. This Court granted the motion on January 13, 2023. On February 8, 2023, after an *in camera* review of the sealed information, this Court issued an order affirming in part and reversing in part as set forth above. Order, 2/8/23. Meanwhile, the preliminary hearing in the Van Lam matter was continued seven times, with the consent of the defendant, until it finally occurred on October 18, 2023. At the conclusion of the preliminary hearing, the charges against Van Lam of first-degree murder, criminal homicide, and evidence tampering were held for

---

[3] The trial court's order in this matter is immediately appealable. ***Commonwealth v. Fenstermaker***, 530 A.2d 414, 421 (Pa. 1987).

court, and the sealing order expired. We now issue the following opinion in support of our order of February 8, 2023.

"As a preliminary matter, we note that the determination of whether an item will be considered a public judicial record or document subject to the common law right of access is a question of law, for which the scope of review is plenary." *Commonwealth v. Upshur*, 924 A.2d 642, 647 (Pa. 2007) (plurality). "However, the trial court's decision regarding access to a particular item will be reviewed for abuse of discretion." *Id.* "Regarding the constitutional right of access, at least, the court should issue individualized, specific, particularized findings on the record that closure is essential to preserve higher values and is narrowly tailored to that interest." *Commonwealth v. Curley*, 189 A.3d 467, 473 (Pa. Super. 2018).

Rule 513.1 permits the sealing of "arrest warrant information" for "good cause shown." Pa.R.Crim.P. 513.1(A), (B). Arrest warrant information is "the criminal complaint in cases which an arrest warrant is issued, the arrest warrant, any affidavit(s) of probable cause, and documents or information related to the case." Pa.R.Crim.P. 513.1(A). The judge and clerk of courts may not make arrest warrant information available for public inspection until the sealing order expires. Pa.R.Crim.P. 513.1(G). Per its official comment, Rule 513.1 was adopted to codify the Pennsylvania Supreme Court's opinion in *Commonwealth v. Fenstermaker*, 530 A.2d 414, 420 (Pa. 1987). There, our Supreme Court set forth some principles guiding our analysis of the issue

before us.  Most significantly, our criminal courts operate under a presumption of openness.  *Id.* at 417, 420.

> The importance of the public having an opportunity to observe the functioning of the criminal justice system has long been recognized in our courts.  Criminal trials in the United States have, by historical tradition, and under the First Amendment, been deemed presumptively open to public scrutiny and this "... presumption of openness inheres in the very nature of the criminal trial under our system of justice."  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980).

*Id.* at 417.  The presumption of openness is enshrined in Article I, § 9 of the Pennsylvania Constitution, which guarantees the right to a "speedy public trial," and Article I, § 11 begins with the phrase, "[a]ll courts shall be open."  *Id.*; PA. CONST. art I, §§ 9, 11.  Likewise, Article I, § 7 of the Pennsylvania Constitution guarantees a right of access to criminal proceedings and judicial records.  *Curley*, 189 A.3d at 472; PA. CONST. art I, § 7.  "'It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.'  There is a 'presumption—however gauged—in favor of public access to judicial records.'"  *Fenstermaker*, 530 A.2d at 418 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978)).

Public inspection of arrest warrant information discourages perjury on the part of the affiant, encourages police and prosecutors to ensure they have sufficient cause, serves as a check on the discretion of issuing authorities, and promotes a public perception of fairness regarding arrest warrants.  *Id.* at 418.  "More generally, the public right to review and copy judicial records and

documents provides an important check on the criminal justice system, ensuring not only the fair execution of justice, but also increasing public confidence and understanding." *Upshur*, 924 A.2d at 647 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980)). But the presumption of openness is rebuttable for reasons such as unfair prejudice arising from pretrial publicity, the need to protect the safety of informants, the need to preserve the integrity of an ongoing investigation, and alternative means to protect the interests threatened by disclosure. *Fenstermaker*, 530 A.2d at 420. Thus, to show good cause under Rule 513.1, the Commonwealth must rebut the presumption of openness.

In its petition to seal the arrest warrant information, the Commonwealth alleged that victim Boyke Budiarachman was killed in an "execution style murder-for-hire." Petition to Seal Arrest Warrant, 11/7/2022, at ¶ 3. The defendant had confessed to paying a third party, who in turn hired a gunman to kill the victim. *Id.* As of the filing of the sealing petition, these potential codefendants were unidentified and the Commonwealth asserted that release of the arrest warrant information "would expose investigative details, which could lead to the destruction of evidence and/or the intimidation or retaliation against other involved and uninvolved witnesses." *Id.* at ¶ 4. Further, the Commonwealth alleged that "the integrity of the investigation and the safety of witnesses and/or co-conspirators depend on the sealing of the instant arrest warrant information." *Id.* at ¶ 6.

During the December 14, 2022 hearing, however, the parties appeared to agree that basic docketing information would not compromise the Commonwealth's investigation. The prosecutor had little to say against the availability of a public docket:

> THE COURT: Hold on a second. Isn't there a criminal complaint file?
>
> [PROSECUTOR]: Yes, but the criminal complaint is filed at 801 MD 2022 at the Clerk of Court's Office here at the courthouse.
>
> THE COURT: And you are saying on the record that that's the only number under which any charges have been filed would be under this miscellaneous file?
>
> [PROSECUTOR]: That's the only way that we are permitted to file when we pursue a sealed arrest warrant. Whether or not the magistrate has created a docket number that's associated with that for the purposes of scheduling a preliminary hearing, I don't have that information and that's all I'm saying.
>
> THE COURT: Let's assume that he did.
>
> [PROSECUTOR]: Okay.
>
> THE COURT: The magistrate created a separate docket with the entries, what's your position as to whether the press would be entitled to have access to that information?
>
> [PROSECUTOR]: As long as the information does not include the arrest warrant information as defined under 513.1, we have no problem with that. That would include the charges that shouldn't be released, names of the victim are often included in the secure docket, that shouldn't be included.
>
> We don't have any – we didn't ask for a specific ruling that a docket be sealed. But what I am suggesting to the Court is that the Court doesn't have enough information other than the allegations of the intervenors that there is a docket and that it was sealed.

N.T. Hearing, 12/20/22, at 18-19. In other words, the prosecutor did not specifically ask that the docket be sealed and he was unaware of whether a docket had been created.[4] The prosecutor did not want the pending charges and the identity of the victim to be revealed, but he did not explain why.

Counsel for Appellants explained her position as follows:

> So, journalists don't have access to whatever private login information that the District Attorney's Office would have or court staff. So, on the public-facing portal, the information would be as Your Honor articulated, you know, the attorney's name, the MDJ in charge, if there's a preliminary hearing scheduled, when that would be, when the arraignment was, bail amount, is the person still in custody, I believe the defendant's date of birth and partial home address are available, and most importantly, the charges.

> So, when someone is incarcerated, arrested, and held, we typically have the very basic information to know, you know, Bob Smith has been picked up for attempted murder or what have you, because we live in a democracy where we believe in, you know, understanding why someone has been taken into a custodial setting. So, right now, because there is none of that very basic information, we literally don't know – other than through these proceedings where we learned who defense counsel was, you know, up until this point, defense counsel was unknown. The bail status remains unknown. If and when an arraignment was held, that's unknown. If and when a preliminary hearing will occur, none of that is available.

*Id.* at 19-20.

For its part, the trial court reasoned as follows:

_____

[4] In its brief to this Court, the Commonwealth argued that Appellants were not entitled to relief because they failed to produce evidence that a docket existed. Commonwealth's Brief at 15. This argument is not well taken because it ignores the Commonwealth's burden to overcome the presumption of openness and because it places Appellants in the impossible position of proving the existence of a criminal proceeding that had been entirely walled off from public access.

When I think of the docket, somebody looking at a docket on the UJS portal, I'm thinking of things like what magisterial district the case is going to be heard in, what's the date of the preliminary hearing, counsel of record, things like that. […] No identifying information about any ongoing investigation. It's really just informational factors concerned with where the hearing is going to be, what's the date, what's the time of the hearing, who is counsel of record.

*Id.* at 16.

Nonetheless, the trial court entered an order effectively sealing the entire record in this case, including the docket, reasoning that doing so was necessary to maintain the integrity of the Commonwealth's investigation:

When presented with a request to seal and extend [the sealing of] the arrest warrant information, the Court was made aware by the Commonwealth attorneys that there is an active, ongoing investigation for two potential co-defendants, involved in this matter, who they are attempting to identify and locate. The defendant, Keven Van Lam, is charged with homicide and related offenses, and there is significant concern for the safety of others and the integrity of this ongoing investigation if the potential co-defendants are to become aware of this pending investigation and leave Westmoreland County's jurisdiction.

Trial Court Opinion, 2/6/23, at 4.[5] The trial court confirmed that a docket existed and remained under seal: "The language of the relevant court orders does not specifically state that the criminal dockets, themselves, are to be sealed; however, as the arrest warrant information contained in the dockets is sealed, no criminal docket relevant to the matter is accessible to the public."

---

[5] The trial court issued this supplemental opinion under seal in accordance with a directive from this Court.

- 9 -

***Id.*** at 3. In essence, then, the trial court concluded that dockets are "arrest warrant information" as defined in Rule 513.1(A).

Appellants argue to this Court, without citation to authority, that Rule 513.1 does not apply to dockets. The Commonwealth and the trial court apparently assume, also without citation to authority, that public dockets may be "documents or information related to the case" under Rule 513.1(A). We find little guidance on this issue in our caselaw, other than to note that docket entries in a criminal proceeding are public records. ***Curley***, 189 A.3d at 473. And public judicial records "must be available for inspection and copying unless the party seeking to seal the materials demonstrated compelling reasons to preclude access[.]" ***Upshur***, 924 A.2d at 646 (citing ***Fenstermaker***, 530 A.2d at 420-21).

Dockets serve many purposes, such as notifying the public of the identity of parties and counsel, as the trial court explained during the hearing. In particular, dockets are a means of notifying the public (and the news media) of upcoming hearing dates. In this case, given the absence of a docket, the trial court left Appellants with no means of learning the potential continuance and rescheduling of a preliminary hearing other than directing the prosecutor to provide a courtesy call. And the court left the public at large with no means of monitoring the prosecution of Van Lam. Constitutionally mandated open courtroom proceedings are of little value if the public has no means of learning where and when they will occur, or if the public is entirely unaware that a

prosecution is pending. In ***Doe v. Public Citizen***, 749 F.2d 246, 268 (4th Cir. 2014), the Fourth Circuit explained the problem with sealed dockets:

> By sealing the entire docket sheet during the pendency of the litigation, as the district court permitted in this case, courts effectively shut out the public and the press from exercising their constitutional and common-law right of access to civil proceedings. But there is a more repugnant aspect to depriving the public and press access to docket sheets: **no one can challenge closure of a document or proceeding that is itself a secret.**

***Id.*** at 268 (emphasis added). Thus, a sealed docket violates the First Amendment right of access, a right that can be restricted only based on a compelling interest. ***Id.***

Ultimately, this case does not require the announcement of a blanket rule as to whether a public docket, or some portion thereof, can be sealed as arrest warrant information for good cause under Rule 513.1, or under any other potentially applicable standard. We dispose of this case on narrower grounds—the lack of an express request for the docket to be sealed and the trial court's failure to offer specific findings on the need for sealing the docket (and effectively secreting the existence of the criminal prosecution of Van Lam[6]).

As noted above, the prosecutor conceded that the Commonwealth did not initially ask for the docket to be sealed. For that reason alone, the docket

---

[6] Courts of other jurisdictions have held that the burden on the proponent of closure increases with the extent of the requested closure. ***United States v. Doe***, 63 F.3d 121, 129 (2d Cir. 1995).

should have remained available for public inspection. To overcome the presumption of openness as to public judicial documents, be it by a showing of good cause under Rule 513.1 or any other applicable burden, the Commonwealth must specify exactly which documents it wishes the trial court to seal. Then it must explain why. The Commonwealth cannot simply file a motion tracking the language of Rule 513.1(A) and leave it to the trial court to discern, at some later time in the event of an objection to its sealing order, which documents were sealed. Likewise, the order itself must leave no question as to which documents are to be withheld from public scrutiny by the court's administrative staff. Rule 513.1(G) forbids the clerk of courts to release sealed documents until a sealing order expires. The staff at a clerk of courts office should not be left to guess which documents are sealed, nor should they be forced to err on the side of caution by withholding the entire record, including the docket.

Furthermore, even though the hearing seemed to clarify that Appellants' primary concern was access to a public docket, the trial court never made specific, individualized findings, as contemplated in *Curley*, justifying its decision to keep the docket under seal. That is, the trial court never explained how sealing the docket would help maintain the integrity of the investigation and/or protect the safety of any individual, especially in light of public knowledge of the shooting and of Van Lam's arrest. By the time of the December 14, 2022 hearing, local media already had reported that Van Lam

was arrested in connection with the fatal shooting of Budiarachman. **_See, e.g._**, Karen Mansfield (contributing), <u>Suspect Revealed in Case Involving Fatal Rostraver Township Shooting</u>, Observer Reporter Nov. 16, 2022 (www.observer-reporter.com/news/2022/nov/16/suspect-revealed-in-case-involving-fatal-rostraver-township-shooting/) (last visited 2/1/2024). Thus, any desire the Commonwealth had to maintain the secrecy of the victim's identity and/or Van Lam's arrest in connection with the shooting had already been thwarted. Given the vital importance of a public docket and the presumption of openness applicable to it, nothing in the record before us supports the trial court's decision to keep the docket sealed and keep the criminal proceeding against Van Lam entirely walled off from public view.

The trial court's order also sealed the arrest warrant, probable cause affidavit, and complaint, in accord with the express terms of Rule 513.1. The trial court's rationale for sealing items other than the docket—protecting the integrity of the Commonwealth's ongoing investigation of two possible co-defendants in a murder-for-hire case, and concern for the personal safety of those involved—are expressly in accord with the official comment to Rule 513.1:

> The rule establishes a standard of 'good cause' for sealing the arrest warrant information. When determining whether good cause exists to seal the arrest warrant information, the justice or judge must consider whether the presumption of openness is rebutted by other interests that include, but are not limited to, whether revealing the information would allow or enable flight or resistance, the need to protect the safety of police officers executing the warrant, the necessity of preserving the integrity of

ongoing criminal investigations, and the availability of reasonable alternative means to protect the interest threatened by disclosure.

Pa.R.Crim.P. 513.1, cmt.

On this issue, Appellants' brief asserts that the trial court failed to articulate the factors it took into consideration and/or consider alternative means to protect the interest threatened by disclosure, as per the official comment to Rule 513.1.[7] Appellants' Brief at 29-31. We agree that the trial court's original sealing order and opinion in support thereof could and should have been more thorough. But the trial court's ability to explain itself more fully was somewhat cabined by the need to avoid revealing sensitive information pertaining to the ongoing investigation. For that reason, we directed the trial court to file a supplemental opinion under seal to this Court. Based on that supplemental opinion and our *in camera* review of the arrest warrant affidavit, we concluded that the trial court did not err in sealing arrest warrant information in a case that involved the Commonwealth's continued pursuit of two as yet unidentified individuals believed to be part of a murder-for-hire. The trial court's supplemental opinion was based on the Commonwealth's allegations that alerting Van Lam's alleged co-conspirators to the ongoing investigation into their identity and whereabouts could lead to the destruction of evidence and threats to the safety of potential witnesses.

---

[7] As explained in the main text above, the hearing clarified that Appellants' primary concern was access to a public docket.

Petition to Seal Arrest Warrant, 11/7/2022. These circumstances are sufficient to support the temporary sealing of arrest warrant information, as all of them are vitally related to the integrity of the Commonwealth's investigation, as per the official comment to Rule 513.1. As such, the Commonwealth sufficiently overcame the presumption of openness with regards to arrest warrant documents revealing sensitive information pertaining to the underlying investigation. *See Fenstermaker*, 530 A.2d at 420 ("Where the presumption of openness attached to a public judicial document is outweighed by circumstances warranting closure of the document to public inspection, access to the document may be denied."). Further, these circumstances leave no viable alternative to the temporary sealing of the arrest warrant documents.

For the reasons explained above, we conclude that the trial court abused its discretion in denying Appellant's motion to intervene and in sealing the public docket. We affirm the remainder of the trial court's order.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/6/2024